## HURRICANE IDA INSURANCE CASE

### 24TH JUDICIAL DISTRICT COURT
### FOR THE PARISH OF JEFFERSON
### STATE OF LOUISIANA

NO. 846-382            DIVISION  M            SECTION

**ISP US HOLDINGS D/B/A KEHOE FRANCE DAY SCHOOL INC.,
ISP KEHOE HOLDINGS, LLC, AND/OR
KEHOE-FRANCE, INC.**

V.

**CERTAIN UNDERWRITERS AT LLOYDS, LONDON;
INDIAN HARBOR INSURANCE COMPANY;
QBE SPECIALTY INSURANCE COMPANY;
STEADFAST INSURANCE COMPANY;
GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA;
UNITED SPECIALTY INSURANCE COMPANY;
LEXINGTON INSURANCE COMPANY;
HDI GLOBAL SPECIALTY SE;
OLD REPUBLIC INSURANCE COMPANY;
GEOVERA SPECIALTY INSURANCE COMPANY; AND
TRANSVERSE SPECIALTY INSURANCE COMPANY**

FILED: _____        _____
                                                                        DEPUTY CLERK

### ISP US HOLDINGS D/B/A KEHOE FRANCE DAY SCHOOL INC.'S PETITION FOR INSURANCE COVERAGE, DAMAGES, AND PENALTIES

1.

Plaintiff ISP US Holdings d/b/a Kehoe France Day School Inc., ISP Kehoe Holdings, LLC, and/or Kehoe-France, Inc. operates a private school known as Kehoe-France Southshore ("Kehoe") located at 720 Elise Ave., Metairie, LA 70003 in Jefferson Parish.

2.

Defendants and their Certificate/Policy Nos. in parentheses are the following:

EXHIBIT A

a. **CERTAIN UNDERWRITERS AT LLOYDS, LONDON** (AMR-53402-06) which may be served as follows: Lloyd's America, Inc. Attention: Legal Department, 280 Park Avenue, East Tower, 25th Floor, New York, NY 10017, USA.

b. **INDIAN HARBOR INSURANCE COMPANY** (AMP7528574-06) which may be served through the Louisiana Secretary of State.

c. **QBE SPECIALTY INSURANCE COMPANY** (MSP-20530-06) which may be served through the Louisiana Secretary of State.

d. **STEADFAST INSURANCE COMPANY** (CPP0167021-06) which may be served as follows: General Counsel, Law Department, Steadfast Insurance Company, 1299 Zurich Way, Schaumburg, IL 60196.

e. **GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA** (10T029659-05125-21-06) which may be served as follows: 28 Liberty Street, Suite 5400, New York, NY 10005, Attn.: Rodolphe Herve, CEO **with copy to**: 28 Liberty Street, Suite 5400, New York, NY 10005, Attn.: Maxine Verne, General Legal Counsel.

f. **UNITED SPECIALTY INSURANCE COMPANY** (USI-16167-06) which may be served as follows: 1900 L. Ron Dodson Drive, Bedford, TX 76021, Attn.: Terry L. Ledbetter.

g. **LEXINGTON INSURANCE COMPANY** (LEX-014709340-05) which may be served as follows: 99 High Street, Boston, MA 02110, Attn.: Division Executive, Commercial Property **with copies to**: (1) AIG Property Casualty US, 175 Water Street – 18th Floor, New York, NY 10038, Attn.: General Counsel and (2) Lexington Insurance Company, 99 High Street, Boston, MA 02110, Attn.: General Counsel.

24th E-Filed: 08/28/2023 17:00 Case: 846382 Div M Atty:020446 MARTHA Y CURTIS

h. **HDI GLOBAL SPECIALTY SE** (HAN-15094-06) which may be served as follows: Mendes & Mount, LLP, 750 Seventh Avenue, New York, NY 10019.

i. **OLD REPUBLIC INSURANCE COMPANY** (ORAMPR001610-04) which may be served as follows: Old Republic Specialty Insurance Underwriters, Inc., c/o Office of General Counsel, 370 North Michigan Avenue, Chicago, IL 60601.

j. **GEOVERA SPECIALTY INSURANCE COMPANY** (GVS-13397-00) which may be served as follows: GeoVera Holdings, Inc., 1455 Oliver Road, Fairfield, CA 94534, Attn.: Robert Hagedorn, General Counsel.

k. **TRANSVERSE SPECIALTY INSURANCE COMPANY ("Transverse")** (TSAMPR0002861-00) which may be served as follows: 155 Village boulevard, Ste. 205, Princeton, NJ 08540, Attn.: Corporate Secretary.

**3.**

Venue is proper in the Parish of Jefferson pursuant to article 76 of the Louisiana Code of Civil Procedure because this action is on an insurance policy and the loss occurred to property in Jefferson Parish and the insured Kehoe is domiciled in Jefferson Parish.

**4.**

This Court has jurisdiction over this matter because it concerns a dispute regarding insurance policies delivered to Kehoe in Jefferson Parish and insured damage to property located in Jefferson Parish. Additionally, the insurers have specifically agreed to submit to the jurisdiction of this Court in various endorsements that control over any contrary provision in the insurance policy.

24th E-Filed: 08/28/2023 17:00 Case: 846382 Div:M Atty:020446 MARTHA Y CURTIS

**5.**

Kehoe is a private school located in Metairie, Louisiana, and purchased an insurance policy effective June 1, 2021 to June 1, 2022 placed with the assistance of surplus lines broker AmRISC, LLC and Marsh & McLennan Agency. This policy included a Compass Commercial Property Coverage Part form, to which each of the insurers subscribed pursuant to their Certificate/Policy Nos. referenced above ("Policy"). The Policy provides Kehoe, as the named insured, "all risk" insurance coverage for property damage as well as other ancillary coverages.

**6.**

The Policy's limit of liability with respect to each item (e.g. Building, Personal Property, Outdoor Property, Time Element) insured by this Policy is 100.00% of the stated value shown for that item on the Statement of Values or other documentation on file. Kehoe paid the cost of the Policy, including premium, inspection and broker fees, and taxes and fees, which totaled $197,961.01. Kehoe had various buildings damaged by Hurricane Ida at two separate locations with numerous separate buildings covered by the Policy: (1) 720-732 Elisa Avenue, Metairie, Jefferson Parish (Location 1) which included the main office, private garage, luncheon pavilion, gym & classroom, barn arts building, student activity building, Cameron's Cottage, computer learning center, Little Pioneers Building, Pavilion II, Library & Classroom, walkway covers, mini barns, and outdoor property; and (2) 717 Elisa Avenue, Metairie, Jefferson Parish (Location 2) which included the Children's Center and outdoor property (collectively, the "insured buildings"). The total insured value of these properties including building, contents, and business interruption is $11,905,709.

24th E-Filed: 08/28/2023 17:00 Case: 846382 Div M Atty:020446 MARTHA Y CURTIS

The statement of value for each of the referenced buildings is as follows:

| Locations | SOV # | SOV |
|---|---|---|
| **720-732 Elisa Ave** | **Loc. 1** | |
| Main Office | 1.1 | $5,371,209 |
| Private Garage | 1.2 | $44,500 |
| Luncheon Pavilion | 1.4 | $219,000 |
| Gym & Classroom | 1.5 | $2,500,000 |
| Barn Arts Building | 1.6 | $430,000 |
| Student Activity Building | 1.7 | $488,000 |
| Cameron's Cottage | 1.8 | $185,000 |
| Computer Learning Center | 1.9 | $396,000 |
| Little Pioneers Building | 1.10 | $219,000 |
| Pavilion II | 1.11 | $218,000 |
| Library & Classroom | 1.12 | $885,000 |
| Walkway Covers- 720-732 Elisa | N/A | |
| Mini-Barns- 720-732 Elisa | N/A | |
| Outdoor Property- 720-732 Elisa | N/A | |
| **Property Calculation** | **Loc. 1** | **$10,955,709** |
| | | |
| **717 Elisa Ave- Children's Center** | **Loc. 2** | **$950,000** |
| Outdoor Property- 717 Elisa | N/A | |
| **717 Elisa Ave - Total** | | |
| | | |
| **Grand Total** | | **$11,905,709.00** |

### 7.

On or about August 29, 2021, Hurricane Ida struck Southeast Louisiana, causing widespread and extensive damages throughout the area, including Metairie. The insured buildings above sustained major damages as a result of Hurricane Ida. Kehoe was obligated to shut down its primary campus, inclusive of the locations referenced in the chart above, and relocated some of its students to two temporary campuses so Kehoe could continue its educational operations.

24th E-Filed: 08/28/2023 17:00 Case: 846382 Div:M Atty:020446 MARTHA Y CURTIS

**8.**

The insurers were timely provided with Kehoe's notice of loss on August 31, 2021. Sedgwick Delegated Authority ("Sedgwick") wrote Kehoe acknowledging its date of loss as August 29, 2021 and indicating Sedgwick would be the Claims Administrator for Kehoe's claim which was assigned Sedgwick File No. 4186735 (the "Claim"). The letter indicates the "Location" at issue was "Various, Metairie, Jefferson, LA 70003" which acknowledged that multiple insured buildings at the Kehoe under the Policy were damaged.

**9.**

In the fall of 2021, while some students were attending temporary campuses, Kehoe begin making (and paying for) repairs to the primary campus through the use of its general contractor FMM Maintenance Construction. Kehoe also timely provided responses to the insurers' requests for information regarding the scope of the loss. Understandably, the private school parent community was tremendously affected by the forced closure of the primary campus. Kehoe mitigated the financial impact that would have been caused by parents permanently transferring their students to other competing private schools by returning unearned portions of the tuition to enrolled families and sourcing alternative facilities. To date, Kehoe has incurred approximately $2.9 million for property damage, business interruption losses, and other fees and expenses, including its mitigation efforts.

**10.**

Of the total Claim amount, the insurers have only paid approximately $1.97 million, and Kehoe disputes whether those amounts were paid timely under Louisiana law. On August 7, 2023, Sedgwick acknowledged that the insurers should make an additional payment of $227,570.15 for other portions of the loss, which

24th E-Filed: 08/28/2023 17:00 Case: 846382 Div M Atty:020446 MARTHA Y CURTIS

included corrections to the business interruption calculations as well as the following: (1) $18,000 for overtime; (2) $33,575.27 for fence demolition; (3) $14,023.18 in prior agreed depreciation; (4) $69,287.52 in asbestos removal; and (5) $39,362.04 in depreciation correction at Children's Center. Despite acknowledging that these amounts are undisputedly due and owing under the Policy, the insurers have not paid Kehoe for these amounts.

**11.**

Setting aside the $227,570.15 that the insurers have previously agreed (but failed) to pay, the insurers have also refused to pay approximately $271,308 in remaining business interruption and extra expenses and $168,422 in remaining property damage (which includes repairs to bleachers, gym floor water mitigation costs, and property damage to the Children's Center). The insurers have also refused to make any payments for the return of tuition to previously enrolled families which qualifies as a business income loss and/or an "extra expense" under the Policy.

**12.**

The insurers have no basis under the Policy or law to deny payments for these additional amounts. With respect to the tuition reimbursement, the insurers relied on the "voluntary parting" exclusion, which was meant to address the situation such as when a car dealership voluntarily gives the keys to a potential driver for a test drive and the car is never returned or a business suffers loss due to "social engineering" claims, such as where money is transferred due to a bogus invoice or misrepresented identity with payment instructions. Thus, the "voluntary parting" exclusion excludes any loss resulting from the Insured's "[v]oluntary parting with title or possession of any property, including voluntary parting ***which is the result of any fraudulent scheme, trick, devise, false pretenses, or any other similar act***." (emphasis added).

24th E-Filed: 08/28/2023 17:00 Case: 846382 Div M Atty:020446 MARTHA Y CURTIS

13.

However, under Louisiana law, Kehoe, at the most, had precarious possession of the tuition payments in trust for the parents. The tuition payments had not yet been "earned" by Kehoe as very little, if any, classroom instruction had occurred for the fall 2021 semester when Hurricane Ida hit on August 29, 2021. It would be akin to an attorney returning the portion of an unearned retainer that was held in his trust account.

14.

If the Kehoe parents paid tuition on a daily or weekly basis as instruction was earned, there could be no argument that Kehoe had controlling possession of the "earned" tuition; however, in this situation, when the parents' pre-paid tuition in advance of the instruction being delivered, Kehoe did not truly "possess" those fees as contemplated by the exclusion.

15.

Thus, the type of refunds made by Kehoe were not a "voluntary parting with title or possession of any property," but rather are a part of its business income loss as it was tuition not earned due to the property damage suffered from Hurricane Ida.

16.

Alternatively, and/or in addition, the tuition refunds qualify as a covered "extra expense" as they were a further mitigation effort to stop additional transfers/unenrollment of its students.

17.

The metropolitan New Orleans private school parent community is tight knit, and they were adversely affected and frustrated by the hurricane-forced closure of the school.

24th E-Filed: 08/28/2023 17:00 Case: 846382 Div:M Atty:020446 MARTHA Y CURTIS

18.

Had Kehoe taken an aggressive stand on no tuition refunds, there would most likely have been a mass exodus response from parents, which would have greatly increased the financial impact of the loss.

19.

Also had Kehoe not kept the school open for the full term, by sourcing (at great difficulty, given the widespread devastation in the region) alternative facilities and buildings to continue education while the repairs were completed, the loss would have been the full school year.

20.

Thus, had Kehoe not undertaken both of these measures (tuition refunds and alternative facilities), the impact would have been dire and possibly even fatal to its business.

21.

Kehoe mitigated the adverse financial impact by returning unearned portions of the tuition and sourcing alternative facilities.

22.

Such mitigation measures are also Kehoe's duty under the policy so it cannot be penalized for same.

23.

For all the reasons outlined above, the insurers' reliance on the "voluntary parting" exclusion, especially without citing any cases in support of their position in this unique factual circumstance, misrepresents the scope of coverage under the Policy.

24th E-Filed: 08/28/2023 17:00 Case: 846382 Div M Atty:020446 MARTHA Y CURTIS

24.

Moreover, as a policy exclusion, the insurers bear the burden of proving the "voluntary parting" exclusion's applicability to this circumstance.

25.

The insurers also have calculated both recoverable and what they claim is non-recoverable depreciation

26.

While Kehoe reserves its rights to dispute any non-recoverable depreciation based on any of the buildings' roofs being replaced on January 1, 2007 or after, the insurers have failed to comply with Louisiana law as relates to depreciation calculations and providing same to the insured.

27.

Under Louisiana law, if depreciation is to be applied to a loss for damaged property, "the insurer ***shall*** provide a written explanation of how the depreciation was calculated." *See* LA. REV. STAT. §22:1892(B)(6)(d)(emphasis added).

28.

Insurers did not provide Kehoe with a written explanation of how they calculated any of the depreciation as required by Louisiana law.

29.

As a result of the insurers' failure to satisfy their obligations under the Policy and pay the remaining portions of the Claim, Kehoe has suffered and continues to suffer financial harm.

24th E-Filed: 08/28/2023 17:00 Case: 846382 Div M Atty:020446 MARTHA Y CURTIS

## CAUSE OF ACTION NO. 1

## PAYMENT OF INSURANCE PROCEEDS FOR PROPERTY DAMAGES, BAD FAITH PENALTIES, ATTORNEYS' FEES, AND INTEREST

**30.**

Kehoe repeats and alleges the allegations in all preceding paragraphs as though fully set forth herein.

**31.**

The insurers have failed to comply with their obligations under the Policy, and as such, are in breach of their contract of insurance, and are liable for all amounts owed under the Policy, including actually incurred costs submitted by Kehoe and costs to be incurred, and all related damages for the insurers' failure to timely pay.

**32.**

Pursuant to Louisiana Revised Statute § 22:1892, the insurers were obligated to pay Kehoe any amounts owed within 30 days of receipt of proof of loss and have failed to do so. Alternatively, this Petition acts as a proof of loss for which the insurers need to pay within 30 days of receipt of same.

**33.**

As a result of the insurers' failure to timely pay Kehoe, which was and is arbitrary, capricious and without probable cause, the insurers are liable for all amounts due under the Policy for Kehoe's property damage, business interruption loss, and additional fees, as well as for attorneys' fees and costs, and 50% of the amount found to be owed as a statutory penalty pursuant to Louisiana Revised Statute § 22:1892.

**34.**

Pursuant to Louisiana Revised Statute § 22:1973(A), the insurers owed Kehoe

24th E-Filed: 08/28/2023 17:00 Case: 846382 Div:M Atty:020446 MARTHA Y CURTIS

a duty of good faith and fair dealing and had an affirmative duty to adjust its claims fairly and promptly and to make a reasonable offer to settle. Because the insurers have breached their duty, they are liable to Kehoe for all damages as a result of their breach.

**35.**

Pursuant to Louisiana Revised Statute § 22:1973(B), the insurers breached their duty of good faith and fair dealing and their affirmative duty to adjust claims fairly and promptly when they made the misrepresentation about the applicability of the "voluntary parting" exclusion above and failed to pay Kehoe within 60 days of receipt of satisfactory proof of loss. Such failure was arbitrary, capricious, and without probable cause. As a result and pursuant to Louisiana Revised Statute § 22:1973, the insurers are liable for penalties in the amount of two times the damages sustained by Kehoe.

## DEMAND FOR JURY TRIAL

**36.**

Kehoe requests a trial by jury on all issues so triable.

**WHEREFORE**, Kehoe respectfully prays that:

(1) The insurers be held liable for all amounts due under their Policy, for property damage, business interruption loss, and additional fees, together with all related damages as a result of the insurers' breach, and failure to pay within 30 and 60 days of proof of loss and misrepresentation of policy provisions and facts in connection with the "voluntary parting" exclusion, including attorneys' fees, and all statutory penalties, together with pre-judgment interest from the time payments were due and post-judgment interest; and

(2) Any other equitable and general relief the nature of this case will allow.

*/s/ Martha Y. Curtis*

---

MARTHA Y. CURTIS, #20446
AMANDA R. SCHENCK, #30706
HANNAH L. BREWTON, #40178

**SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.**
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300


ERNEST MARTIN, JR.*
EMILY BUCHANAN*
**HAYNES AND BOONE, LLP**
2323 Victory Avenue, Suite 700
Dallas, Texas 75219-7672
Telephone: (214) 651-5000
Facsimile:   (214) 651-5940

*Pro Hac Vice status to be requested*

**ATTORNEYS FOR PLAINTIFF ISP US HOLDINGS D/B/A KEHOE FRANCE DAY SCHOOL INC., ISP KEHOE HOLDINGS, LLC, AND/OR KEHOE-FRANCE, INC.**

24th E-Filed: 08/28/2023 17:00 Case: 846382 Div M Atty:020446 MARTHA Y CURTIS

**PLEASE ISSUE CITATIONS FOR LONG-ARM SERVICE TO BE MADE BY COUNSEL FOR PLAINTIFF TO THE FOLLOWING DEFENDANTS:**

CERTAIN UNDERWRITERS AT LLOYDS, LONDON;

INDIAN HARBOR INSURANCE COMPANY;

QBE SPECIALTY INSURANCE COMPANY;

STEADFAST INSURANCE COMPANY;

GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA;

UNITED SPECIALTY INSURANCE COMPANY;

LEXINGTON INSURANCE COMPANY;

HDI GLOBAL SPECIALTY SE;

OLD REPUBLIC INSURANCE COMPANY;

GEOVERA SPECIALTY INSURANCE COMPANY; AND

TRANSVERSE SPECIALTY INSURANCE COMPANY

24th E-Filed: 08/28/2023 17:00 Case: 846382 Div M Atty:020446 MARTHA Y CURTIS

**Angela P. Ingraffia**

| | |
|---|---|
| **From:** | Angela P. Ingraffia |
| **Sent:** | Tuesday, August 29, 2023 4:36 PM |
| **To:** | 'Bjohnson@shergarner.COM' |
| **Subject:** | EFile Case: 846382 M |

**IN ORDER TO FULLY PROCESS THE PETITION FOR ISP US HOLDINGS WE WILL NEED THE FOLLOWING SERVICE CHECK**

62.50 FOR THE SPECIAL MASTER FEE

THANK YOU

*SmF Ck# 32325*
*62.50*

**Angela P. Ingraffia**
*Deputy Clerk of Court*
*24th JDC Civil New Suits*
*Jefferson Parish Clerk of Court*
Thomas F. Donelon Courthouse
200 Derbigny St. Ste. 2400
Gretna LA 70053
Phone: (504) 364-2967
Fax: (504) 364-3780



Please be advised that any information provided to the Jefferson Parish Clerk of Court may be subject to disclosure under the Louisiana Public Records Law. Information contained in any correspondence, regardless of its source, may be a public record subject to public inspection and reproduction in accordance with the Louisiana Public Records Law, La. Rev. Stat. 44:1 et seq.

This message is intended only for the use of the individual or entity to which it is addressed. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the sender of this e-mail or by telephone.

1

LAW OFFICES OF
# SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.

FILED FOR RECORD 09/13/2023 14:03:33
[illegible] Cash, DY CLERK
JEFFERSON PARISH, LA

PF-532

TWENTY-EIGHTH FLOOR
909 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70112-4046
http://www.shergarner.com

| | | | |
|---|---|---|---|
| LEOPOLD Z. SHER [1] | CHAD P. MORROW | BROCK L. WIMBERLEY | [1] LAW CORPORATION |
| JAMES M. GARNER [2] | KEVIN M. McGLONE | JOSIE N. SERIGNE | [2] MEMBER OF LOUISIANA AND TEXAS BARS |
| ELWOOD F. CAHILL, JR. | JEFFREY D. KESSLER [6] | ELISE W. BENEZECH | [3] MEMBER OF LOUISIANA AND ALABAMA BARS |
| RICHARD P. RICHTER | RYAN O. LUMINAIS [5] | CURTIS J. CASE | [4] MEMBER OF LOUISIANA AND CALIFORNIA BARS |
| STEVEN I. KLEIN [1,9] | ASHLEY GREMILLION COKER | CLAIRE E. SCHNELL | [5] MEMBER OF LOUISIANA AND MISSISSIPPI BARS |
| PETER L. HILBERT, JR. | JONATHAN B. CERISE | WADE B. HAMMETT | [6] MEMBER OF LOUISIANA AND NEW YORK BARS |
| MARIE A. MOORE [3] | AMANDA RUSSO SCHENCK | ANDREW T. NOELL [10] | [7] MEMBER OF LOUISIANA AND ARIZONA BARS |
| DEBRA J. FISCHMAN | KAREN T. HOLZENTHAL | | [8] MEMBER OF LOUISIANA AND N. CAROLINA BARS |
| DARNELL BLUDWORTH [2] | MELISSA ROME HARRIS | SPECIAL COUNSEL: | [9] BOARD CERTIFIED TAX ATTORNEY LOUISIANA BOARD OF LEGAL SPECIALIZATION |
| MARTHA Y. CURTIS [2] | JACOB A. AIREY | KHRISTA M. McCARDEN [11] | [10] MEMBER OF TENNESSEE BAR |
| NEAL J. KLING | TRAVIS A. BEATON | | [11] MEMBER OF CALIFORNIA BAR |
| JOSHUA S. FORCE [2,4] | DAVID A. FREEDMAN | | |
| JOHN T. BALHOFF, II | BRANDON W. KEAY | OF COUNSEL: | |
| ALVIN C. MIESTER, III | ALEX E. HOTARD | TIMOTHY B. FRANCIS | ALL OTHERS LOUISIANA BAR |
| CHRISTOPHER T. CHOCHELES | STUART D. KOTTLE [7] | DAVID A. MARCELLO | |
| RYAN D. ADAMS | LAURIE A. DEARMAN [2,8] | THOMAS P. ANZELMO, JR. | |
| THOMAS J. MADIGAN, II [5] | TYLER M. DeAGANO | THOMAS P. McALISTER [2] | |

mcurtis@shergarner.com
Direct Dial: (504) 299-2111
Direct Fax: (504) 299-2311

(504) 299-2100
FAX (504) 299-2300

January 26, 2021

24th Judicial District Court
Clerk of Court
Jefferson Parish Courthouse
200 Derbigny St
Gretna, LA 70053

Re: *Kehoe-France, Inc., v. Certain Underwriters at Lloyds London, Etal*
24th JDC, Parish of Jefferson, No. 846-382 Div. M
Our Reference: 24145.0001

Dear Clerk:

We respectfully request that you re-issue a citation for service of the attached Petition to be served on the following defendant through the Civil Sheriff of East Baton Rouge Parish:

QBE SPECIALTY INSURANCE COMPANY
THROUGH ITS AGENT FOR SERVICE OF PROCESS
THE LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVENUE
BATON ROUGE, LA 70809

*[handwritten: SUS CHK# 32354 $50.00]*
*[handwritten: ebr CHK# 32356 $90.44]*

LAW OFFICES OF
# SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.

September 13, 2023
Page - 2 -

Cordially,

*[signature]*

James M. Garner
Martha Y. Curits

Enclosures